UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TYLER TOOMEY and MARKAS SERGALIS, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>RIPPLE LABS INC., XRP II, LLC, BRADLEY GARLINGHOUSE, MCO MALTA DAX LIMITED (D/B/A CRYPTO.COM), FORIS DAX GLOBAL LIMITED (D/B/A CRYPTO.COM), FORIS DAX, INC., FORIS, INC., PAYWARD, INC. D/B/A KRAKEN<br><br>        Defendants. | Civil Action No. 3:21-cv-00093 |

**RIPPLE'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER, DISMISS, OR STAY PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (collectively, "Ripple") respectfully submit this Reply Memorandum of Law in further support of Ripple's Motion to Transfer, Dismiss, or Stay this action (ECF No. 45) (the "Motion").

**I.    The "First-to-File" Rule Exists Precisely for This Situation.**

The question presented by Ripple's Motion is whether there should be litigation here, before this Court, that is entirely duplicative of litigation that has been pending in the Northern District of California for years. In *In re Ripple Labs*, No. 4:18-cv-06753-PJH (N.D. Cal) (the "California Action"), the central legal issue is whether Ripple's distributions of XRP constitute "investment contracts" under *SEC v. W.J. Howey Co.*, 328 U.S. 293, 299 (1946). Plaintiffs in the California Action are purchasers of XRP who allege that Ripple's distributions of XRP constitute "investment contracts" under

1

*Howey*, and they seek to recover under federal and state law for Ripple's alleged failure to have registered XRP as a security. The putative class—"all persons or entities who purchased XRP"—is as broad as can be, encompassing Plaintiff Toomey, Plaintiff Sergalis, and the entire class of Florida purchasers they seek to represent before this Court. If the class in the California Action is certified, the damages that class would recover would be essentially identical to the relief sought here.[1] Given that the classes, claims, legal issues and damages all overlap, why should Ripple bear the burden of litigating this copycat case in Florida? Why should this Court expend resources managing duplicative discovery? Why should this case present the risk of inconsistent legal decisions, in different circuits, on application of the *Howey* test to Ripple's distributions of a cryptocurrency? Plaintiffs have no answers to these questions, but federal law does: the "first-to-file" rule exists precisely for this situation and dictates that this action should not proceed.

The first-to-file rule "serves the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (internal quotation omitted); *Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (noting that the first-to-file rule "exists to avoid conflicting decisions and promote judicial efficiency" (internal quotation omitted)). Deference to the plaintiffs' choice of forum is "not owed when a party is insisting on

---

[1] Under Section 12 of the Securities Act, the class would be entitled to rescissory damages if they continue to hold XRP, or damages if they do not. 15 U.S.C. § 77l. Here, Plaintiffs assert they could receive "additional remedies" not captured in the California Action (Opp. at 7), but they fail to explain what such remedies would be.

having two substantially overlapping proceedings continue at the same time before two different courts." *In re Nitro Fluids LLC*, 978 F.3d 1308, 1312 (Fed. Cir. 2020). There is a "strong presumption across the federal circuits that favors the forum of the first-filed suit," which is why "the party objecting to jurisdiction in the first-filed forum carr[ies] the burden of proving compelling circumstances to warrant an exception." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (internal quotation omitted). Here, Plaintiffs fail to identify "compelling circumstances" that would warrant an exception to the rule. To the contrary, this case presents a textbook application of it.

Plaintiffs' belated decision to introduce claims against two cryptocurrency exchanges who are not named as defendants in the California Action does not change the result. Initially, Plaintiff Toomey sued only the Ripple Defendants. He then moved to Colorado (*see* Opp. at n.1), and in his Second Amended Complaint, he and another plaintiff, Plaintiff Sergalis, added claims against two cryptocurrency exchanges. One of the two exchanges—Payward Inc. d/b/a Kraken—has already been voluntarily dismissed from this case. The remaining exchange—Crypto.com (and related entities)—is a foreign entity that has not yet been served and could litigate in California just as easily as in Florida. Once Crypto.com is served and responds, we may well see that Plaintiffs' claims against it are meritless (just as their claims against Kraken apparently warranted quick dismissal). In the meantime, the presence of claims against the Crypto.com defendants does not warrant a departure from the first-to-file rule. There is ample precedent for applying the rule even where the duplicative,

later-filed action included a new defendant.[2] *See, e.g., Renew Life Formulas, Inc. v. Youngevity Intl., Inc.*, 2015 WL 12829803, at *3 (M.D. Fla. Jan. 5, 2015) (applying the first-filed rule despite additional defendants in the later-filed action because "the central parties to the underlying dispute . . . are parties to both suits"); *Glob. Innovation Tech. Holdings, LLC v. Acer Am. Corp.*, 634 F. Supp. 2d 1346, 1349 (S.D. Fla. 2009) (transferring the case to the first-filed forum even though the "two cases include different party defendants" because "a strong commonality unites them").

## II. The Cases Upon Which Plaintiff Relies Are Easily Distinguished.

In their Opposition to Ripple's Motion, Plaintiffs quote five cases regarding application of the first-to-file rule. (*See* Opp. at 6–7.) In each case, there were facts and circumstances—unmentioned and unaddressed in Plaintiffs' Opposition—that render the cases inapposite.

First, in *Poertner v. Gillette Co.*, 2012 WL 12898875, at *2 (M.D. Fla. July 9, 2012), the class in the first-filed case consisted entirely of California consumers while the class in the second action (which was filed just 10 days later) consisted entirely of Florida consumers. Critically, "there [was] no overlap between the class of consumers bringing the action in each case." *Id.* Here, in contrast, the putative class in the first-

---

[2] Plaintiffs' contention that the claims asserted in the California Action are "completely dissimilar" to the claims asserted here (Opp. at 1) ignores that *all* of the claims turn on whether Ripple's distributions of XRP constitute "investment contracts" under *Howey*, which Ripple denies and is vigorously litigating in the California Action. Here, Plaintiffs claims against Ripple *and* their claims against the Crypto.com defendants are premised on the (erroneous) notion that Ripple's distributions of XRP constitute "investment contracts" under *Howey*. The claims are therefore quite similar, and it would make good sense for them to all be consolidated.

4

filed action includes *everyone* who purchased XRP, regardless of state citizenship. It includes Plaintiffs Toomey and Sergalis, and the entire class of Florida purchasers they seek to represent.

Second, *Catalano v. BMW of N.A., LLC*, 167 F. Supp. 3d 540, 552 (S.D.N.Y. 2016) also involved a situation where the plaintiffs in the two classes did not overlap. In addition, the later-filed action in *Catalano* named additional defendants that complicated transfer for a reason not present here: discovery in the first-filed action had closed, which would have prevented Catalano from obtaining discovery from the additional defendants if the action were dismissed or transferred. *Id.* Here, in contrast, the classes overlap, and non-expert discovery in the first-filed action does not close until April 15, 2022. *In re Ripple Labs*, No. 4:18-cv-06753-PJH, ECF No. 125.

Third, in *Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 679 (M.D. Ala. 1998), the plaintiffs in the later-filed action had been named as defendants in the earlier-filed case but were dismissed for lack of personal jurisdiction. It would have made no sense for the *Owens* court to transfer the case to the jurisdiction of the first-filed case, where the court that had already ruled it lacked personal jurisdiction over the parties. Here, there are no such jurisdictional issues.

Fourth, *Curtis v. Citibank, N.A.*, 226 F.3d 133, 136 (2d Cir. 2000) did not even involve the first-to-file rule. In that case, the plaintiffs' request to file a second amended complaint to add additional claims had been denied by the magistrate judge. Plaintiffs appealed to the district court and, while waiting for a ruling, tried to evade the magistrate's ruling by filing the new claims in a brand-new action. *Id.* The court did

5

not discuss the first-to-file rule.

Fifth, and finally, in *Quinn v. Walgreen Co.*, the defendants sought a stay pending resolution of a motion to dismiss in the earlier-filed case. 958 F. Supp. 2d 533, 540 (S.D.N.Y. 2013). The court did not grant a stay because resolution of the motion to dismiss in the first-filed action would not eliminate the claims in the later-filed case. *Id.* Inexplicably, the defendants in *Quinn* sought only a stay *but did not seek a transfer*, which the court noted was "important" to its ruling. *Id.* Had the defendant sought transfer, as Ripple does here, the result may well have been different.

### III. Changed Circumstances Support Transfer.

Since Ripple first filed its Motion, Plaintiffs (1) voluntarily dismissed one of the two exchange defendants that they belatedly added to this case and (2) disclosed that Plaintiff Toomey has moved to Colorado. These circumstances support transfer of this case to the Northern District of California under both the first-to-file rule and § 1404. They increase the similarity of the parties in the two actions and make California the more convenient forum for this lawsuit.

### IV. Conclusion

Ripple respectfully requests that this Court transfer this case to the Northern District of California. Alternatively, Ripple requests that claims against Ripple be dismissed with prejudice or that the matter be stayed pending resolution of class certification in the California Action.

DATED: June 11, 2021                    Respectfully submitted,

                                        /s/ Damien J. Marshall

6

        DAMIEN J. MARSHALL (FBN: 191302)
dmarshall@kslaw.com
**KING & SPALDING LLP**
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 566-2100; Fax: (212) 556-2222

SUZANNE E. NERO (pro hac vice)
snero@kslaw.com
**KING & SPALDING LLP**
50 California Street
Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY (pro hac vice)
aceresney@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

## CERTIFICATE OF SERVICE

I certify that on this 11th day of June 2021, a copy of the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system, which will notify all counsel of record.

                                        */s/ Damien J. Marshall*
                                        Damien J. Marshall